**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-60174-CR-DAMIAN/D'ANGELO**

**UNITED STATES OF AMERICA,**

**vs.**

**LOUPE LOREDO,**

   **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

   **THIS CAUSE** is before the Court following the referral of this action to the undersigned

Magistrate Judge to conduct a proceeding for acceptance of a guilty plea by Loupe Loredo

("Defendant") (DE 514).  Based upon the change of plea hearing conducted on May 28, 2026, the

Court makes the following findings and recommends that the guilty plea be accepted.

   1.      The Court advised Defendant of the right to have these proceedings conducted by

the District Judge assigned to the case and that the Court was conducting the change of plea hearing

pursuant to an Order of Referral from the District Judge.  The Court further advised Defendant

that the District Judge would be the sentencing judge and would make all findings and rulings

concerning Defendant's sentence.  The Court advised Defendant that he did not have to permit the

undersigned Magistrate Judge to conduct this hearing and could request that the change of plea

hearing be conducted by the District Judge.  Defendant, who stated that he had discussed the right

to have the hearing conducted by the District Judge with his counsel, and the Assistant United

States Attorney consented on the record to the Court conducting the change of plea hearing.

2. Defendant was placed under oath and appeared in-person before the Court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and is knowingly and voluntarily waiving them.

4. Defendant indicated he is knowingly and voluntarily pleading guilty to Count One of the Indictment filed in this case, which charges Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846 (DE 3). The Court advised Defendant that the maximum penalty the Court may impose for Count One is a term of life imprisonment, a term of five (5) years up to life of supervised release, and a fine of $10,000,000.00. The Court also advised Defendant that the mandatory minimum penalty the Court must impose is a term of ten (10) years' imprisonment. The Court further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may order forfeiture and restitution and will assess a mandatory special assessment of $100.00. Defendant acknowledged that he understood the possible maximum and mandatory minimum penalties that could be imposed. The Government agrees to dismiss Counts Nine and Ten of the Indictment at sentencing.

5. Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with her counsel the calculation of the applicable Sentencing Guidelines range, as well as other sentencing factors under Title 18, United States Code, Section 3553(a).

6. The Government and Defendant entered into a written plea agreement that was thereafter filed with the Court (DE 538). The Court reviewed the terms of the written plea agreement on the record. Defendant agreed that he had reviewed the entire agreement with counsel

before he signed it.  Defendant also agreed that there were no other agreements or promises beyond what is contained in the written plea agreement.

7.      Defendant acknowledged that he agreed to the forfeiture of any property used or intended to be used in the charged offenses and any property derived from such violations. Defendant acknowledged that he will cooperate with the Government for the forfeiture and recovery of all assets identified by the Government as subject to forfeiture.  Defendant also acknowledged that he understood that he is waiving all Constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution, and that he is waiving any applicable time limits for forfeiture proceedings as well as the right to appeal the forfeiture.  The Court finds that Defendant knowingly and voluntarily waived his rights under the Eighth Amendment, and the Court further finds that Defendant knowingly and voluntarily acknowledged the waiver of his right to appeal the forfeiture.

8.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial (DE 539).  The Government established all the essential elements of the crime to which Defendant is pleading guilty.  Defendant and his counsel agreed that the facts proffered by the Government were accurate and satisfied all elements of Count One, as charged in the Indictment.

9.      Defendant acknowledged that he is satisfied with his counsel and that he has had a full opportunity to discuss all facets of the case and all provisions of the plea agreement with his counsel.

10.      Defendant further acknowledged that he understands that in the event the District Judge does not accept the recommendations in the plea agreement or sentences him to a term that is greater than he anticipated, that will not be grounds for withdrawal of the guilty plea.

3

11.     Defendant acknowledged that if he is convicted and is not a United States citizen, he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

12.     Defendant stated that the decision to plead guilty is voluntary and not the result of any force, any threats, or any promises outside of those set forth in the plea agreement.

13.     Based upon all of the foregoing and the plea colloquy conducted by the Court, the Court finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

14.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered a guilty plea to Count One of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense as charged.

15.     A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office.  The sentencing date will be set by separate order.

16.     The Court announced the Recommendation herein on the record at the change of plea hearing on May 28, 2026, and therefore, this Recommendation is effective as of that date.

As agreed to by the Government and Defendant at the change of plea hearing, the Parties will have **three (3) business days** from the date of the change of plea hearing (up to June 2, 2026) within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Government and Defendant are hereby notified that failure to object in accordance with Title 28, United States Code, Section 636(b)(1) waives

4

the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 28th day of May, 2026.

ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record

5